BREAZ *v.* STATE OF INDIANA.

[No. 27,196. Filed June 15, 1939.]

*Conroy & Glendening,* for appellant.

*Omer S. Jackson,* Attorney General, and *James K. Northam,* Deputy Attorney General, for the State.

SHAKE, J.—Appellant was found guilty by a jury and sentenced to imprisonment by the Criminal Court of Lake County on a charge of robbery. He appealed to this court, which affirmed the judgment on April 5, 1938 (*Breaz* v. *State,* 214 Ind. 31, 13 N. E. [2d] 952). He subsequently filed in the court below a verified petition for a writ of error *coram nobis,* which the state answered by general denial and by way of counter-affidavits. The petition was heard by the same trial judge before whom the original case was tried, and at the conclusion of the appellant's evidence both parties asked for a favorable finding. The court below denied the petition and the appellant has again appealed.

In his petition for a writ of error *coram nobis* the appellant recited that he was not guilty of the robbery and that he was unlawfully convicted upon the testimony of four named witnesses, who thereafter con-

fessed that they falsely testified against him in pursuance of a vicious conspiracy. Standing alone, the evidence offered by the appellant was calculated to sustain the allegations of his petition.

Appellant concedes that *coram nobis* may not be utilized to obtain a new trial upon the ground of newly discovered evidence, but he asserts that his petition and the evidence adduced to establish it made out a clear case of a fraud perpetrated on the trial court, which was not known at the time of the original trial. He relies upon *Sanders* v. *State* (1882), 85 Ind. 318; *Davis* v. *State* (1928), 200 Ind. 88, 161 N. E. 375; *George* v. *State* (1937), 211 Ind. 429, 6 N. E. (2d) 336. We do not find it necessary to consider whether appellant's petition was sufficient. It is definitely established by the practice of this state that, irrespective of the theory upon which *coram nobis* is asserted, the court to which the petition therefor is addressed will consider it, insofar as practicable, as it will consider a motion for a new trial on account of newly discovered evidence. This does not mean that a petition for a writ of error *coram nobis* may ever be made to perform the functions of a motion for a new trial for newly discovered evidence; it means simply that the two proceedings are considered according to the same judicial processes and standards. *Stephenson* v. *State* (1933), 205 Ind. 141, 179 N. E. 633, 186 N. E. 293; *Hicks* v. *State* (1938), 213 Ind. 277, 11 N. E. (2d) 171, 12 N. E. (2d) 501.

It is equally well established that the appellate tribunal will not disturb the denial of a new trial on account of newly discovered evidence unless all of the evidence which was before the lower court is presented by the record. *Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996; *Rosenberg* v. *State* (1922), 192 Ind. 485, 134 N. E. 856, 137 N. E. 53; *Morton* v.

*State* (1935), 209 Ind. 159, 198 N. E. 307. This is necessary in order that this court may determine whether there was an abuse of discretion on the part of the trial court since, manifestly, the trial judge must have considered the original evidence as well as the proof offered in support of the application for a new trial in determining the probability of a different result. The same rule must apply in *coram nobis.* We therefore adopt the conclusion suggested in the concurring opinion of Fansler, J., in the case of *George* v. *State, supra,* where it was said (p. 442) :

> "It is true that the record, containing the evidence adduced at the trial of the case upon the merits, is in the files of this court, having been brought here by an appeal, and the court has knowledge of the facts in that record by reason of having passed upon that appeal, and, in view of all of the facts in that record and in the petition for the writ, it does not appear that there was an abuse of discretion. But the court was not required to search the record on the former appeal, since the facts there disclosed are not brought to the attention of the court by the briefs in this appeal."

Likewise, the record now before the court contains a special bill of exceptions reciting the evidence offered in support of the appellant's petition for a writ of error *coram nobis,* but it does not contain the evidence offered at the original trial. The record of the former appeal is presumably in the permanent files of this court, but that circumstance does not entitle us to consider it for the reason that we would be placed in a position of searching for grounds to reverse the cause. It is the long established practice of this court that this may not be done. *Bottorff* v. *State* (1927), 199 Ind. 540, 156 N. E. 555; *Day* v. *State* (1934), 207 Ind. 273, 192 N. E. 433.

Since the record does not present all of the evidence which the trial court must have considered in

passing upon the petition for writ of error *coram nobis,* we can not say it abused its discretion in denying the writ.

The judgment is therefore affirmed.

Tremain, J., absent.