REGISTRATION & MANAGEMENT CORPORATION, ET AL. *v.*
CITY OF HAMMOND

[No. 1170 A 179.  Filed March 27, 1972.]

*Paul B. Huebner*, of Hammond, *C. Severin Buschmann*, of Indianapolis, for appellants.

*Frank A. J. Stodola, Owen W. Crumpacker*, of Hammond, for appellee.

SHARP, J.—This is an appeal by Plaintiffs-Appellants from a judgment of the Lake County Superior Court denying their complaint to vacate and set aside defaults and dismissals of 98 causes against Defendant-Appellee and, further, granting Defendant-Appellee's cross-complaint for injunctive relief.

The pleadings, motions, findings of fact and decree disclose a sequence of events that relate back to the 1930's. The instant litigation arose out of dismissals by default in favor of the City of Hammond in 98 causes of action on the dockets of the Lake Superior Courts, Rooms 1, 2 and 5, said judgments being entered during the period of January through July 27, 1960. Appellants filed their complaint to set aside and vacate said dismissals on March 12, 1962. Final arguments in this case were finally heard on February 8, 1966, and the decision was rendered on December 11, 1968. The Motion for New Trial was filed January 9, 1969, and was overruled on August 5, 1970. There were two petitions for extension of time in which to file transcript and Appellee filed four petitions for extension of time in which to file a reply brief. The case became fully briefed on February 1, 1972, and oral argument was had on February 24, 1972.

The only assignment of error is the overruling of the Motion for New Trial, which contained five specifications of error,

the first of which was waived and the remaining specifications being as follows:

"2. That the decision of the Court is contrary to law.

3. That plaintiffs and cross-defendants have newly discovered evidence, material for plaintiffs and cross-defendants herein, which they couldn't, with reasonable diligence, have discovered and produced at the trial, having arisen after submission and trial herein, consisting of an adjudication of the validity of claims of plaintiffs herein upon their bonds in Cause No. 3151 in the United States District Court, Northern Indiana, Hammond, in which the City of Hammond was a party and by which the City of Hammond is fully and finally bound and estopped.

4. That the decision of the Court herein is excessive and arbitrary and contrary to law in that it extends in scope beyond relief to the City of Hammond, and purports to permanently enjoin and prohibit plaintiffs 'from instituting or prosecuting any claims, lawsuits or actions, either in law or equity, on any bonds and/or coupons, or rights derived thereunder, issued pursuant to the 124 special improvement resolutions mentioned in the Findings'.

5. Irregularity in the proceedings of the Court, to-wit: the trial court's novelty, without authority of law, in ordering the submission of summaries of evidence, and the allowing the filing of the same by defendant; this kind of procedure might, if authorized, be appropriate to proceedings where the issues are limited, such as in appeal matters, but is completely in conflict with, and in abdication of a trial court's function as judge of all the evidence; it is a novel and unauthorized procedure, preventing plaintiffs from having a fair and fully considered trial under due process of law; plaintiffs further complain of the trial court's many years of delay in rendering its decision, which is a further irregularity of proceedings."

Appellants have initiated a very limited appeal to this court. They have not included the evidence submitted in the trial of the cause but rather are relying solely on the pleadings, motions and judgment to demonstrate error.

Under the new Indiana Rules of Civil Procedure a bill of exceptions is no longer necessary to bring evidence within

the transcript of the record for purposes of appeal. Under Appellate Rule 7.2(A)(3) the transcript of the evidence is specifically made a part of the record and further, under Appellate Rule 7.2(B) parts of the record which are not transmitted to the court on appeal are nevertheless part of the record on appeal for all purposes.

But in this case a transcript of the evidence was never prepared or is at least unavailable and Appellants failed to avail themselves of Appellate Rule 7.2(A)(3)(c) by preparing a statement of the evidence from the best available means, including their own recollections and having said statement submitted to the trial court for settlement and approval. Having failed to take advantage of this procedure and further having specifically limited themselves in the scope of their appeal, Appellants may be deemed to have waived any specifications of error which depend upon the evidence. In this regard the appeal may be treated as one where a party failed to file a bill of exceptions under the old rules.

In Wiltrout, *Indiana Practice,* Vol. 3, § 2276, p. 109, in regard to the effect of the absence of the evidence before a court, it is stated:

> "A bill of exceptions containing the evidence is required in most appeals. Where there is no bill of exceptions containing the evidence, or the bill is not properly made a part of the record, questions depending upon the evidence cannot be considered. Thus, where the sole assigned error is the overruling of a motion for new trial, and all the grounds of the motion depend upon the evidence, which is not in the record, the judgment below will be affirmed." (footnotes omitted)

Having delineated the limited manner by which we are to view the specifications of error, we turn to the same to ascertain which, if any, can be examined on the merits without the evidence being before us. Only those specifications of error which do not depend upon the evidence may be con-

sidered on the merits. We take them in the scale of least complexity rather than numerical order.

The third specification of the Motion for New Trial is that of newly discovered evidence. *In Beaver* v. *Emry* (1925), 84 Ind. App. 581, 588, 149 N. E. 730, this court stated:

> "Without the evidence before us, except that of one witness, we cannot say that the trial court erred in over-ruling appellant's motion for a new trial on the ground of newly discovered evidence. Such evidence may be only cumulative."

The ruling of the trial court in refusing a new trial on the ground of newly discovered evidence will not be disturbed on appeal unless the evidence given in trial is in the record. See *Breaz* v. *State* (1939), 215 Ind. 605, 21 N. E. 2d 405; *Morton* v. *State* (1935), 209 Ind. 159, 198 N. E. 307; and *Donahue* v. *State* (1905), 165 Ind. 148, 48 N. E. 996. Therefore, this specification raises no question for our consideration.

Specification five concerns the request by the trial court for a summary of the documentary evidence. Since the evidence is not before us we are unable to determine the reasonableness of the request, the effect, if any, the summaries had upon the trial court, or whether, in fact, such summaries were ever submitted to the trial court. Also, Appellants failed to object to the procedure when first placed before them. In order to preserve alleged errors relating to misconduct or indiscretion of a trial judge, the same must be brought to the attention of the trial court by timely objection. *White* v. *Sloss* (1964), 245 Ind. 289, 198 N. E. 2d 219.

Next we come to specification two which alleges that the decision of the trial court is contrary to law. The generally accepted standard for such a specification is found in *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 530, 532, 104 N. E. 2d 669, where the Supreme Court stated:

"It is only where the evidence is without conflict and can lead to only one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

Appellants, however, in their brief, are not arguing that the decision of the trial court is contrary to law as not being supported by the unconflicting evidence, rather, they are attempting to challenge the decision only inferentially as presumably being based upon and supported by an erronous finding of fact. Appellant argues that there was prima facie error committed when the trial court adopted as binding upon the parties and the court, certain findings of fact of the Porter Circuit Court in *Gilkison, et al.* v. *Darlington* (1952), 123 Ind. App. 28, 106 N. E. 2d 473.

Findings of fact may only be challenged as not being supported by sufficient evidence. There is no evidence before this court and that specification is specifically waived. If Appellants are attempting to challenge specific conclusions of law, they are bound by the findings of fact as being fully and correctly found. *Farmers Mutual Ins. Co.* v. *Wolfe, et al.* (1968), 142 Ind. App. 206, 233 N. E. 2d 690, and *Bulen* v. *Pendleton Baking Co.* (1947), 118 Ind. App. 217, 78 N. E. 2d 449. While there seems to be an inconsistency in recent cases as to whether an appellant may even challenge specific conclusions of law through the ground that the decision is contrary to law, any such attack, if permissible, would necessarily be dependent upon the evidence of the case and whether the ultimate decision was based upon said evidence. It is only in so far as the unconflicting evidence does not support a decision that the conclusions of law forming the foundation of that decision could be said to also be contrary to law, regardless of the findings of fact in the case. *Farmers Mutual Ins. Co.* v. *Wolfe, supra.* See also Wiltrout, *Indiana Practice,* Vol. 2 (1970 Supplement), Ch. 73, § 1664, p. 44.

There is considerable doubt therefore as to the efficacy of this specification as a means of challenging error in the Findings of Fact or Conclusions of Law, especially when the evidence is not before us. But even assuming that Appellants have shown prima facie error as to several of the Findings of Fact, for such to be reversible error it must be shown to be prejudicial. *Vorhees-Jontz Lumber Co.* v. *Beyeh* (1965), 137 Ind. App. 382, 209 N. E. 2d 380.

The only way Appellants can show that the adoption of the Porter Circuit Court's findings was prejudicial error is to show that the conclusions of law and the judgment were predicated on such findings. For this to be the case, as Appellants correctly argue, the decision of the lower court would have to be founded upon the theory of estoppel of record. But such is not the case. If the trial court based its ultimate decision on estoppel of record there would have been no need for the lengthy trial that took place or the conclusions of law based upon the evidence adduced at said trial. Although the trial court did conclude that the prior judgment of the Porter Circuit Court was unchanged, which is true, the trial court ultimately based its decision on the sufficiency of the notice, the regularity of the dismissals and the doctrine of laches for failure to take affirmative action in the 98 causes. None of these conclusions are dependent upon the theory of estoppel of record and since there is no evidence before us, they cannot be challenged. We, therefore, hold that while the trial court erred in its finding that the Findings of Fact of the Porter Circuit Court were binding upon the court and the parties, such error was not prejudicial as it was mere surplusage and did not form the basis of the trial court's ultimate conclusion.

Lastly, we turn to the fourth specification of error in Appellant's Motion for New Trial, which concerns the scope of the injunctive relief granted Appellee. Appellants maintain that the decision of the lower court is excessive in that it

grants relief beyond what is necessary to protect the interest of Appellee, City of Hammond. Appellants are essentially arguing that that judgment was erroneous as being too broad. But, as in *Lawrence* v. *Cain* (1969), 144 Ind. App. 210, 245 N. E. 2d 663, 665, this court stated:

> "It is further the law in Indiana that when the appellant fails to file a motion to modify the judgment and where a part of the judgment is valid, the judgment will stand, unless proper steps have been taken by objection presented to the trial court to secure modification of that judgment. The remedy against an erroneous judgment is a motion to modify the judgment and not a motion for a new trial. Smith v. Hill (1929), 200 Ind. 616, 165 N. E. 911."

But once again overlooking any procedural defects and passing on the merits of Appellants' specification, we hold that the judgment of the trial court was more extensive than was reasonably required to protect the interests of Appellee. *Lawrence* v. *Cain, supra.*

In accord with A.P. 15 we find and adjudge that the judgment of the trial court should be corrected and modified to read as follows:

"The Plaintiffs do have and recover nothing upon their complaint.

The Plaintiffs and Cross-Defendants, and each of them, their transferees, assignees, successors, heirs, devisees, and all persons claiming by, through or under aid Cross-Defendants are hereby permanently enjoined and prohibited from instituting or prosecuting any claims, lawsuits or actions, either at law or in equity, on any bonds and/or coupons, or rights derived thereunder, issued pursuant to the 124 special improvements resolutions, mentioned in the findings, against the Defendant and Cross-Plaintiff, City of Hammond, or from prosecuting any claims or rights against the Defendant and Cross-Plaintiff, City of Hammond, referred to, pleaded or

connected with any of the matters alleged in the 98 causes of action heretofore specified.

The Defendant and Cross-Plaintiff, City of Hammond, do have and recover its costs incurred and expended herein taxed at $————."

As so corrected and modified the judgment of the trial court should be and hereby is affirmed.

Lowdermilk and Sullivan, JJ. (by designation), concur.

NOTE.—Reported in 280 N. E. 2d 327.