ROBERT KUJACA *v.* LENORE KUJACA.

[No. 3-1272A104. Filed December 19, 1973.]

*Robert Kujaca,* Pro Se, for appellant.
*Richard Kaplan,* of Gary, for appellee.

## I.

## STATEMENT ON THE APPEAL

STATON, J.—Robert Kujaca brings this appeal pro se. His wife filed a complaint for divorce alleging that he had been guilty of cruel and inhuman treatment. She further alleged in her complaint that he had not supported her or their two year old daughter since their marriage on January 5, 1969 except for the first three months. During a preliminary hearing to determine his support payments and any payment of attorney fees, Robert Kujaca filed an affidavit stating that he was indebted to his relatives in the sum of $1,500, and he urged the trial court to set his support payments at $10.00 per week. He revealed at the hearing that he had a job which paid $600.00 a month. The trial court entered a preliminary support order for $30.00 every two weeks to coincide with his pay period and awarded his wife attorney fees in the sum of $400.00, which was to be paid in equal installments over a 120 day period. Robert Kujaca was later cited for contempt for his failure to comply with this order. In the meantime, he had filed a motion to compel his wife to answer certain interrogatories which she had objected to or answered. A joint hearing was held on this motion to compel and Robert Kujaca's contempt citation. The motion to compel was denied and the contempt citation was withdrawn by the wife. At this joint hearing, the trial court notified all parties present as shown by the record that the final divorce hearing would be held at 9:30 o'clock A.M. on May 31, 1972. Robert Kujaca failed to appear at the final divorce hearing on May 31, 1972. Instead, he filed an application to set visitation rights on May 31, 1972. Lenore Kujaca was granted an absolute divorce by the trial court and given the custody of her two year old daughter, Linda Marie. Robert Kujaca was given reasonable visitation rights.

On July 2, 1972, Robert Kujaca filed his motion to correct errors. A hearing was held on his motion to correct errors, and this motion was overruled by the trial court on October

2, 1972. The issues raised by Robert Kujaca's motion to correct errors are set out in full in the "Statement of the Issues" section of this opinion.

Our opinion concludes that none of the contended errors have merit and that the judgment of the trial court should be affirmed.

## II.

## STATEMENT OF THE FACTS

Robert Kujaca and Lenore Kujaca were married on July 5, 1969. Their only child, a daughter, was born in March, 1970. Lenore Kujaca filed her complaint for divorce on March 27, 1972 which alleged that Robert Kujaca had been guilty of cruel and inhuman treatment. Her complaint further alleged:

> "(a)  The defendant has failed to provide support for the plaintiff and their minor child for their entire married life with the exception of the first three months of marriage and said defendant has failed and refused to seek employment to provide support and maintenance for plaintiff and their minor child; . . ."

Robert Kujaca's answer to this complaint denies that he is guilty of cruel and inhuman treatment and further makes a statment of defense as to his nonsupport. He admitted at a preliminary hearing held on April 3, 1972 that he had not contributed monetarily to his family for the past year. He has no disabilities and is capable of working. At the preliminary hearing on April 3, 1972, the court entered a preliminary order providing that Robert Kujaca pay support into the office of the Clerk in the sum of $30.00 every two weeks and that he pay his wife's attorney fees in the sum of $400.00 in four equal payments over a period of 120 days. Lenore Kujaca was employed. She paid the rent on their apartment and purchased her own automobile for transportation to and from work.

Robert Kujaca filed interrogatories for his wife to answer. Part of her answer to the cruel and inhuman treatment inter-

rogatory was that ". . . I sustained no physical injury at the hands of the defendant except for the two times when the defendant grabbed me by the throat." She objected to some of the other interrogatories. Robert Kujaca filed a motion to compel under Rule TR. 37 (A) of the Indiana Rules of Procedure. IC 1971, 34-5-1-1. When he appeared in court for a hearing on his motion to compel on May 11, 1972, Robert Kujaca learned that the regular trial judge had continued the hearing on this motion to May 17, 1972. He was served with a contempt citation for violation of the April 3, 1972 support order. Both the motion to compel and the citation for contempt were heard on May 17, 1972. Prior to the hearing, an attorney was appointed for Robert Kujaca by the trial court. Robert Kujaca refused to cooperate and assist the appointed counsel with his defense upon the contempt citation or assist him on the previously filed motion to compel. The court appointed counsel advised the court of his dilemma, and Robert Kujaca proceeded pro se. After a hearing on the motion to compel, the trial court denied the motion. Lenore Kujaca withdrew her petition for contempt. The trial court in the presence of Robert Kujaca, as shown by the record, announced that the final hearing on the divorce complaint would be heard at 9:30 o'clock A.M. on May 31, 1972. Robert Kujaca was the only one who failed to appear in court on May 31, 1972 at 9:30 o'clock A.M. He did file sometime during the day of the trial an unverified application to set visitation rights. Lenore Kujaca was granted an absolute divorce by the court and given the custody of her two year old daughter. Robert Kujaca was ordered to pay support in the sum of $20.00 per week and granted reasonable visitation with his minor daughter.

On July 2, 1972, Robert Kujaca filed his motion to correct errors. The trial court granted him a hearing upon his motion to correct errors which was held on September 21, 1972 and then continued to September 26, 1972. Robert Kujaca appeared pro se. On October 2, 1972, the trial court overruled Robert Kujaca's motion to correct errors. Robert Kujaca

brings this appeal pro se and raises the questions set forth in the "Statement of the Issues" section of our opinion below.

## III.
## STATEMENT OF THE ISSUES

Robert Kujaca's motion to correct errors presents these issues for our consideration on appeal:

ISSUE ONE: Was Robert Kujaca given adequate notice of the May 31, 1972 final divorce hearing?

ISSUE TWO: Did the trial court commit error when it denied Robert Kujaca's motion to compel discovery?

ISSUE THREE: Is there sufficient evidence of judicial bias to deny Robert Kujaca a fair trial?

ISSUE FOUR: Was Robert Kujaca denied due process of law when the trial court appointed an attorney for him?

ISSUE FIVE: Did the trial court err in failing to rule upon Robert Kujaca's motion for a nunc pro tunc entry to correct the record?

ISSUE SIX: Was the judgment of the trial court supported by sufficient evidence?

We find no merit in any of the above contentions of error and affirm the judgment of the trial court.

## IV.
## STATEMENT ON THE LAW

ISSUE ONE: *May 31, 1972 Notice.*

Robert Kujaca contends that he was entitled to written notice of the final divorce hearing on May 31, 1972 and that failure of the trial court to give such written notice is a denial of due process. He relies on Rule TR. 72(D) of the Indiana Rules of Procedure.

Robert Kujaca was present before the court at the hearing on May 17, 1972 and proceeding pro se. The record before us clearly shows that all parties to this divorce action and their

attorneys were present when the trial judge announced from the bench that the final hearing on the divorce would be set for May 31, 1972 at 9:30 o'clock A.M. Everyone present at the May 17, 1972 hearing appeared on May 31, 1972 except Robert Kujaca. Rule TR. 72(D) does provide for written notice and also provides:

".  .  . Service by mail upon any attorney who is present at the time the entry is made of record shall not be required if such fact is noted in the record or is noted in the docket by the clerk."

Robert Kujaca does not come within the provisions of the written notice provided in Rule TR. 72(D). He was present at the time that the court made the entry as the record clearly shows.[1]

Robert Kujaca signed and filed an unverified "Application for Setting Visitation" sometime during the day of May 31, 1972. This filing strongly indicates that Robert Kujaca understood the oral notice from the bench by the trial judge. Further written notice of the final hearing was not necessary.

Mr. Smulevitz, Robert Kujaca's court appointed attorney, who had withdrawn his appearance after the May 17, 1972 hearing, did appear on May 31, 1972 at 9:30 o'clock A.M. He testified at a hearing on Robert Kujaca's motion to correct errors held September 21, 1972 as follows:

"Q.   No [Now] do you recall that in the afternoon all parties returned to this court, including yourself, at which time you informed the Court that the defendant absolutely refused to cooperate with you?

"A.   That's correct.

"Q.   No [now] do you recall, Mr. Smulevitz, as his then acting attorney, by appointment of the Court, that

---

1.   Rule TR. 40 of the Indiana Rules of Procedure provides:

"(A) Rules for assignment of cases. The trial courts shall provide by rule for placing of actions upon the trial calendar
(1)   without request of the parties or
(2)   upon request of a party and notice to the other parties or
(3)   in such manner as the court determines will expedite trials.
Precedence shall be given to actions entitled thereto by any statute of the state, including hearings upon temporary restraining orders, injunctions and receiverships."

the Court instructed the defendant after the ruling on his motion for sanctions on the interrogatories, to be prepared to try this matter on May 31st at 9:30 A.M. Do you recall that?

"A. Yes.

"Q. And do you recall this Court, Judge Egan, instructed the defendant to be here at that time?

"A. Yes.

"Q. And you were so informed. Did you inform the defendant to be here at that time?

"A. I don't recall whether I informed him. I do recall a conversation in which I believe he did state that he knew about the time.

"Q. He know about the time?

"A. He was informed by the Court. I don't recall whether I had repeated it to him.

"Q. You repeated it to him?

"A. I don't recall. I know he was informed of it.

"Q. You do recall that the Court informed him of that.

"A. Yes, very definitely.

"Q. And do you also recall that I turned to the defendant and said 'Make sure that you are here at 9:30 A.M.?'

"A. I recall that.

"Q. Now on the 31st day of May, you were here representing the defendant.

"A. I did not represent the defendant. I requested to withdraw because I had no communication from the defendant.

"Q. But you were here that morning?

"A. I was here."

Notice within the framework of due process requires a notice reasonably calculated to appraise the party of the pending action and requires a reasonable time to appear prepared. *Mullane* v. *Central Hanover Bank & Trust Company* (1950), 339 U.S. 306, 314-315, 70 S. Ct. 652, 657, 94 L. Ed. 865; *Mueller* v. *Mueller* (1972), 259 Ind. 366, 287 N.E.2d 886; *State ex rel. Red Dragon Diner, Inc.* v. *Superior Court of Marion County* (1959), 239 Ind. 384, 385; 158 N.E.2d 164. Robert Kujaca did not file a motion

for continuance on May 31, 1972 but did file an "Application for Setting Visitation." The personal notice given by the court to Robert Kujaca at the May 17, 1972 hearing as shown by the court's records is sufficient to satisfy due process of law. Robert Kujaca was given fourteen days by this notice to either move for a continuance or to attend the final divorce hearing. He did neither. We find no error.

ISSUE TWO: *Denial of Motion to Compel Discovery.*

Lenore Kujaca had either objected to or answered every interrogatory submitted by Robert Kujaca. He was not satisfied with the answers so he moved for an order to compel his wife to answer the questions more fully. After a hearing, his Rule TR. 37 (A) motion to compel was denied. Robert Kujaca contends that this ruling by the trial court was error.

Robert Kujaca's answer to his wife's divorce complaint admits everything except ". . . that he had been guilty of cruel and inhuman treament towards the plaintiff." The second part of his answer which was denominated as a "Defense" could serve as a denial to the nonsupport allegation which was a subparagraph of rhetorical paragraph four in the divorce complaint.

The motion to compel contends that the answers to the interrogatories were incomplete, evasive and made in bad faith. At the hearing on May 17, 1972 upon the motion to compel, the record shows only the following in support of the motion:

"MR. SMULEVITZ: Your Honor, I would like the record to show that since being appointed as Friend of the Court, this afternoon I have consulted off and on with my client for approximately forty minutes, giving him specific advice as to how to handle his case and have not received any positive answers from him one way or the other regarding that.

"The attorney for the plaintiff, Mr. Kaplan, agreed to waive attorney fees at this stage as long as the case would proceed to final trial.

"As I understand it, today we're here on a motion to compel discovery for interrogatories—

\* \* \*

"MR. SMULEVITZ: I have no means upon which to present or plead any case for my client, as appointed by the Court, because he has not given me positive answers as to what he wants other than to continue the proceedings today.

"THE COURT: Well, I appreciate your appearance. I have had a number of these cases before where one of the parties seeks to represent themselves in divorce proceedings. I appreciate your appearing anyway, thank you very much.

\* \* \*

"MR. SMULEVITZ: Thank you.

\* \* \*

"THE COURT: We will have to to [go] ahead with this matter on the 31st day of May then.

"THE DEFENDANT: Could I get in a couple of objections?

"THE COURT: You may make any comment you wish, Sir.

"THE DEFENDANT: All these questions come out of Bender's Forms.

"THE COURT: I understand. Bender's Forms we have in the library. That doesn't entitle you to this kind of procedure.

"MR. KAPLAN: That's in damage suits, not divorce suits.

"THE DEFENDANT: It says all civil cases.

"MR. KAPLAN: Well, now I'm telling you that does not entitle you to these questions.

"THE DEFENDANT: We will leave that to the Judge's decision.

"THE COURT: I will so rule. We will proceed on this on the 31st day of May, Gentlemen.

"MR. KAPLAN: We will set this down for the 31st day of May then?

"THE COURT: (to the Defendant) You are so advised now, Sir. And thank you for appearing, Mr. Smulevitz.

"THE DEFENDANT: Then is my motion denied or is it granted?

"THE COURT: Motion is overruled, Sir. I might add, I've had a number of experiences like this, so this is not a novel proceeding, in case you are impressed with that fact. We've had them go to the newspapers and claim that they were being denied the right to trial. You have a right to trial.

You can be here on the 31st day of May for the disposition of this case.

"THE BAILIFF: (referring to the calendar of settings) At 9:30.

"MR. KAPLAN: We'll be here.

"THE COURT: 9:30 A.M."

The above is not a persuasive argument for a motion to compel. Our complete examination of the record does not disclose that there was any abuse on the part of the trial court in its ruling which denied the motion. Even if the answers and objections to the interrogatories were incomplete and evasive, there is no showing of prejudicial error. The error, if any, would be harmless and would not constitute reversible error. Rule TR. 61 of the Indiana Rules of Procedure; *Helvey* v. *Wabash County REMC* (1972), 151 Ind. App. 176, 278 N.E.2d 608; *Baker* v. *State Bank of Akron* (1942), 112 Ind. App. 612, 621, 44 N.E.2d 257.

ISSUE THREE: *Judicial Bias.*

We find absolutely no merit in the contention that the trial judge was biased. This contention of error is based upon three separate grounds.

First, Robert Kujaca found his wife's attorney sitting as judge pro tempore in court when he appeared on May 11, 1972 for a hearing on his motion to compel This hearing had been continued by the trial judge to May 17, 1972. While in court, Robert Kujaca was served with a citation for contempt. The hearing on the motion to compel and the citation for contempt was held on May 17, 1972. The motion to compel was denied and the contempt citation was withdrawn by Lenore Kujaca. There is nothing in the record nor in Robert Kujaca's brief which will even begin to satisfy the burden of showing how he was prejudiced by his wife's counsel sitting as judge pro tempore on unrelated matters to his own case and on a day when nothing concerning his own action came before the court. *Kuykendall* v. *County Commissioners of Marion County* (1968), 142 Ind. App. 363, 234 N.E.2d 860.

Secondly, Robert Kujaca contends that the "sum total of events" which includes the trial court's adverse ruling upon his motion to compel shows bias on the part of the trial judge. We have examined the record carefully and have concluded that the trial judge was exceedingly fair and unbiased during the proceedings. A ruling against a party does not show a disqualifying bias. *State ex rel. Grile* v. *Allen Circuit Court* (1967), 249 Ind. 173, 231 N.E.2d 138.

Third, on September 21, 1972 a hearing was held on Robert Kujaca's motion to correct errors. Robert Kujaca requested first a transcript of the proceedings which was granted by the trial court. Afterwards, the record shows the following exchange between Robert Kujaca and the court:

"MR. KUJACA: Okey [Okay]. Then second of all, I request that Your Honor step down and appoint a different Judge or move the case to the Circuit Court.

"THE COURT: What's before the Court this morning, Gentlemen, let's get this straight.

"MR. KUJACA: A motion to correct errors.

"THE COURT: Well, this Court would have to hear that. That's my impression anyway. Do you agree, Gentlemen? I could not appoint a Special Judge for that purpose.

"MR. KUJACA: I feel that since I filed a case against your Honor in the District Court in Hammond, that your Honor would be biased against me. Second, I request that since Mr. Kaplan has been ill that the hearing be set over in any regard.

"MR. KAPLAN: I still can't hear you. Would you talke [talk] into the mike? You request what?

"MR. KUJACA: I second request, I haven't had a ruling though, on the first one, but the second request I request that anyway this motion be held over since you have been ill recently.

"MR. KAPLAN: Since what?

"MR. KUJACA: Since you have been ill recently.

"MR. KAPLAN: I don't want it held over. I have had surger [surgery], but I am here, so you will have no excuse that I didn't show up.

Lenore Kujaca filed her complaint for divorce on March 27, 1972. Robert Kujaca filed his answer to the complaint on April 17, 1972. Both the final hearing and judgment bear the date of May 31, 1972. The motion for change of judge here was made on September 21, 1972. Rule TR. 76 of the Indiana Rules of Procedure is as follows:

"(1) In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to one one [1] change from the county and only one [1] change from the judge.

"(2) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not later than ten [10] days after the issues are first closed on the merits.

"(3) Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days after the filing of such case within which to request a change from the judge or the county.

\* \* \*

"(8) Provided, however, if the moving party first obtains knowledge of the cause for change of venue from the county or judge after the time above limited, he may file said application, which must be verified personally by the party himself, specifically alleging when the cause was first discovered, how discovered, the facts showing the grounds for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days, and the ruling of the court may be reviewed only for abuse of discretion."

Robert Kujaca's oral motion on September 21, 1972 for a change of judge comes too late and in the wrong form. We find no error as to Issue Three.

ISSUE FOUR: *Appointment of Counsel.*

Robert Kujaca advised the court that he could not afford an attorney. Prior to the May 17, 1972 combined hearing on Robert Kujaca's motion to compel his wife to answer certain interrogatories that he had filed and upon his wife's contempt citation for failure to comply with the court's April 3, 1972 support order, the trial court appointed an attorney to aid Robert Kujaca. He now contends in his motion to correct errors that this appointment of counsel by the court violated his right to defend himself.

Our very careful examination of the record shows no lack of opportunity for Robert Kujaca to represent or defend himself. IC 34-1-60-1 (Burns 1973). After approximately an hour with his appointed counsel, the attorney reported to the court that he was unable to represent Robert Kujaca due to his total lack of cooperation. Robert Kujaca proceeded on into the hearing pro se. All pleadings in this action were filed pro se by Robert Kujaca. The motion to correct errors was prepared by Robert Kujaca pro se, and Robert Kujaca argued pro se on September 21, 1972 in support of his motion to correct errors. This contention of error is spurious. It is totally without merit.

ISSUE FIVE: *No Ruling on Motion.*

The trial court substantially complied with the requests made by Robert Kujaca in his motion to correct the record. He contends that there is a reversible error since the record does not show that the trial court actually ruled favorably or unfavorably on his motion. It is obvious from our examination of the record that the trial court has substantially granted the motion in most of its parts. Paragraph eight of the motion was not granted. It reads as follows:

"8. That on May 31, 1972, at 9:30 A.M., Judge Fred A. Egan entered judgment in the above entitled action after a final hearing held on such date and at such time. Defendant asks that he be issued a transcript of the evidence and arguments presented at such final hearing and that such transcript become part of the record. Or if the matter

was not transcribed the defendant asks that the persons present at such hearing be required by the Court to compose to the best of their knowledge a recollection of what transpired at such hearing."

Robert Kujaca had notice of the May 31, 1972 final hearing on his divorce. He did not at anytime request that a record be made of these proceedings nor did he choose to attend the proceeding himself. The rule he is attempting to invoke was not made to frustrate the expeditious handling of litigation but was made to effect a fair and equitable record for appeal. No record was made of the May 31, 1972 final divorce proceedings. None was requested by the parties. It is not incumbent upon the trial court to sua sponte provide a facsimile of those proceedings. Rule AP. 7.2(A) (3) (c).

The record should show some ruling upon the motion to correct the record. Failure to make such a ruling is not a prejudicial error or reversible error in the present case.

ISSUE SIX: *Sufficiency of the Evidence.*

Robert Kujaca's final contention of error is that the evidence at the May 31, 1972 divorce hearing was insufficient to support a judgment granting an absolute divorce. There is nothing in the record to show what evidence was given by any of the witnesses on May 31, 1972. Robert Kujaca has the affirmative duty to bring a proper record before this Court. *Marcum* v. *State* (1958), 239 Ind. 179, 154 N.E.2d 376; *Stypczynski* v. *Kaiser Jeep Corporation* (1973), 156 Ind. App. 78, 294 N.E.2d 830. On appeal, we cannot consider any matter not contained in the record. *Hansbrough* v. *State* (1950), 228 Ind. 688, 94 N.E.2d 534; *Glenn* v. *State* (1973), 154 Ind. App. 474, 290 N.E.2d 103. [See AP. 7.2(A (3) (c) for the inclusion of such evidence in the record on appeal.]

## V.

## DECISION OF THE COURT

Our examination of the entire record of this action for divorce discloses no reversible errors. Therefore, the judg-

ment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 304 N.E.2d 870.