**Joseph R. DAVIS, Appellant (Petitioner Below),**

v.

**Nancy Kay DAVIS, Appellee (Respondent Below).**

**No. 3–580A121.**

Court of Appeals of Indiana, Third District.

Dec. 29, 1980.

Rehearing Denied Feb. 19, 1981.

---

Stephen C. Bower, Kentland, for appellant.

James R. Beaver, Rensselaer, for appellee.

STATON, Judge.

Joseph R. Davis appeals from a judgment entered upon his Petition for Dissolution of Marriage and raises seven issues for our consideration:

(1) Did the trial court err when it corrected its initial judgment?

(2) Was the "default judgment" entered against him contrary to law?

(3) Did the trial court err in failing to provide for a court reporter?

(4) Did the court abuse its discretion by failing to make a just and reasonable division of the marital assets?

(5) Did it err in providing security for the payment of child support?

(6) Was the court's restriction of visitation without a finding that unrestricted visitation might endanger the child's health or impair her emotional development an error?

(7) At the hearing on the Motion to Correct Errors and the Motion for Relief from Judgment, did the court err in refusing to admit evidence concerning the marital assets?

We affirm.

I. and II.

"Default Judgment"

Joseph R. Davis filed a Petition for Dissolution of Marriage on August 24, 1976. Both he and his wife appeared in court with their attorneys and agreed to a provisional order on September 28, 1976.[1] Other than a number of motions for continuances, no action was taken for nearly two years until a Cross–Petition for Dissolution of Marriage was filed by Mrs. Davis. The parties and their attorneys, including Nesbitt,[2] appeared on September 21, 1978 and attempted to negotiate a settlement. Their efforts were unsuccessful. On January 18, 1978, Nesbitt filed a Motion for Withdrawal of Representation. The court granted permission and directed Nesbitt to send a copy of its order with motion attached to Davis at his last known address. Nesbitt's registered letter was later returned unclaimed. On January 19, 1979, the court set the final hearing date for February 2, 1979 and ordered a copy of its order sent to Davis at his last known address. The court specified that this notice was to "be mailed by certified mail, using a return receipt." This mailing was also returned unclaimed.

On the day set for the hearing, Mrs. Davis and her attorney appeared in court. Mr. Davis failed to appear. The court took notice of his absence and determined to continue the hearing. It then heard evidence, made findings and entered a judgment granting the divorce and providing for child custody and the division of the marital assets.

On appeal, Davis claims that the judgment entered was a default judgment. He argues that he was not given notice pursuant to Ind. Rules of Procedure, Trial Rule 55. He also questions whether the trial

1. The order provided for the temporary custody of the minor child by Mrs. Davis, for the payment of child support by Davis and for "reasonable visitation" rights. It also spoke to the receipt of real estate rentals and the payment of the mortgage thereon.

2. In asking for permission to withdraw as counsel, Nesbitt explained that Davis had failed to communicate with him and had made representation impossible because Davis had "removed himself to whereabouts unknown to said attorney." The briefs indicate that, for some reason, Nesbitt consented to act as Davis's attorney for the purpose of the settlement negotiations. There is no entry in the record for this negotiation. The only evidence of its occurrence was provided by Davis and his former wife at the hearing on the TR. 60 motion.

court erred in correcting its order to delete any reference to his default.

The section–at–issue of the court's February 2, 1979 Order is as follows:

"It appearing that this is the time and place set for hearing on all matters herein and that Joseph R. Davis is not present, the Court now determines that said hearing shall proceed in the absence of the said Joseph R. Davis, who is now declared to be in default."

On February 5, 1980, after a hearing on the Motion to Correct Errors and the TR. 60 Motion for Relief from Judgment, the court corrected its Order:

"1. The language in the Court's 'Decree of Dissolution of Marriage' entered herein on February 2, 1979, at page two, fourth full paragraph, may be misleading in that it is stated therein that the husband was 'now declared to be in default'. Such language apparently has given rise to an interpretation that a default judgment has been entered.

"2. The 'Decree of Dissolution of Marriage' and the judgment thereon was entered on the merits after hearing and was not a default judgment."

\*　　\*　　\*　　\*　　\*　　\*

"5. In order to clarify any question about the nature of the judgment entered with regard to the 'Decree of Dissolution of Marriage' a correction of said decree should be made pursuant to the provisions of TR 59(A).

"IT IS THEREFORE ORDERED, pursuant to TR 59(A) that the 'Decree of Dissolution of Marriage' heretofore entered on February 2, 1979, is now corrected by modifying the fourth full paragraph on page two thereof to read as follows:

'It appearing that this is the time and place set for hearing on all matters herein and that Joseph R. Davis is not present, the Court now determines that said hearing shall proceed in the absence of said Joseph R. Davis.'

"The phrase '. . . who is now declared to be in default' is deleted and stricken."

■ This Court is limited to a review of the alleged errors committed by the trial court as reflected by the motion to correct errors. In addition to generally being a condition precedent to the bringing of an appeal, this motion focuses upon the specific errors alleged and narrows the field of review so that we will not be confronted with a virtual trial *de novo*. *P–M Gas & Wash Co., Inc. v. Smith* (1978), 268 Ind. 297, 375 N.E.2d 592, 594; *Macken v. City of Evansville* (1977), Ind.App., 362 N.E.2d 202. The motion to correct errors also provides the trial judge with an opportunity to consider the allegations of error and make corrections, if warranted. *Macken, supra*. In this regard, the trial court is empowered to take such action as will cure an error; it may modify or correct the judgment.[3] TR. 60(A).

In viewing the court's initial Order and its later correction, we are persuaded that the judgment rendered was not a default judgment, as claimed by Davis. It was, indeed, a judgment entered on the merits.

■ The very language of the February 2, 1979 Order clearly indicates the court's intent that the proceeding be a final hearing and that the judgment be one on the merits. The court stated:

"And this Cause now being at issue upon Nancy Kay Davis' Verified Cross–Petition for Dissolution of Marriage and Joseph R. Davis' Verified Petition for Dissolution of Marriage and upon all other pleadings filed in response to said Petitions, *the same is now submitted to the Court for trial, finding, judgment and decree without the intervention of a jury.*" (Emphasis supplied)

A default judgment has been defined as a confession of the complaint and it is rendered *without a trial* of any issue of law or

---

**3.** Errors in the judgment arising from oversight or omission may be corrected by the court on its own initiative or on the motion of any party. If the "mistake" is one of substance and would change the nature of the judgment, the finality principle controls. *Drost v. Professional Bldg. Serv. Corp.* (1978), Ind.App., 375 N.E.2d 241, 244.

fact. *State v. Claycombe* (1954), 233 Ind. 247, 118 N.E.2d 489, 490; *Indiana State Board, Etc. v. Pickard* (1931), 93 Ind.App. 171, 177 N.E. 870. It is apparent from a reading of the 1979 Order that the trial court had every intention of conducting a trial. Its reference to Davis's absence as being in "default" and its reliance upon TR. 59(A) instead of TR. 60(A) for authority to correct the judgment may have been an unfortunate choice of words. Such did not, however, render the judgment a default judgment, as was pointed out by the court in its 1980 Order.

■ When a trial court proceeds to hear a divorce action on its merits, even though one of the parties is absent, the resulting judgment is on the merits. Because it is not a default judgment, the requirements of TR. 55 are not applicable. *In Re Marriage of Robbins* (1976), Ind.App., 358 N.E.2d 153, 154; *Aetna Securities Company v. Sickels* (1949), 120 Ind.App. 300, 88 N.E.2d 789, 792, 90 N.E.2d 136.

■ During the course of this litigation, Davis appeared at various hearings in person and by counsel and defended himself. When the issues have been formed under such conditions as outlined in *Ed Martin Ford Co., Inc. v. Martin* (1977), Ind.App., 363 N.E.2d 1292, 1294, a default judgment cannot be properly rendered. Rather, a judgment therein would be a judgment on the merits. We conclude that the court did not err in deleting its reference to Davis's default and that, as clarified by the 1980 Order, the judgment was one on the merits. Davis's claims as to the "default judgment" and the trial court's failure to be guided by TR. 55 are without merit.

Urging that his due process rights were violated, Davis points out that he lacked actual notice of the date set for the final hearing. He contends that he was working out of the state on a construction job when the notices of the divorce proceeding were mailed to him. In its findings, the trial court noted:

"With regard to the matter of issue of notice to the husband of assignment for final hearing, and with regard to allega-

tions of error two through five pursuant to TR 59, the Court now finds:

"1. The former counsel for the husband and counsel for the wife were diligent and exercised all reasonable methods, under the requirements of the Indiana Trial Rule, to give notice to the husband of the withdrawal of his counsel and assignment of this cause for final hearing.

"2. The pattern of conduct of the husband made it virtually impossible to contact him directly during what the husband knew to be a crucial stage of these proceedings.

"3. The husband's attempt to avoid contact with certain creditors *lead* to his failure to receive notice by certified mail of the final hearing herein.

"4. The husband failed to comply with the admitted request from his own attorney to keep said attorney advised of any change of address.

"5. The husband failed to leave any forwarding address with postal authorities in Michigan and made an ineffective attempt for others residing at his former address to collect his mail and forward it to him.

"6. The conduct of the husband frustrated the orderly process of litigation, and such conduct was volitional.

"7. The failure of the husband to appear at the final hearing herein was not the result of any fault of the husband's former counsel, his wife or wife's counsel, and the forwarding of notice of the final hearing herein to the husband was carried out diligently and in good faith." (Italics original)

■ Without reciting the evidence, we are persuaded that Mrs. Davis and Davis's former attorney exercised all reasonable care dictated by the Indiana Trial Rules to inform Davis of the course of proceedings. A copy of every order was mailed to him at his last known address by certified mail. In addition, both Mrs. Davis and Nesbitt contacted Davis's parents to ask where he might be reached. Despite the fact that they were in possession of his current tele-

phone number in Tennessee, Davis's mother said that they had not heard from him since December of 1978. We note also that Davis had promised to keep his wife and his attorney informed of any change of address. This he refused to do. We conclude that his due process rights were not violated.

## III.

### Recordation of Testimony

■ Davis next asks if the trial court erred in not providing a court reporter for the taking of testimony during the hearing which he failed to attend. His query is similar to that of the appellant's in *Kujaca v. Kujaca* (1973), 159 Ind.App. 6, 304 N.E.2d 870. There, *Kujaca*, after receiving notice[4] of the final hearing date on his divorce petition, failed to appear in court. No record was made of the proceeding and none was requested by either party. The Court held that where the husband did not request that a record be made of the final hearing in a divorce proceeding, it was not incumbent on the trial court to *sua sponte* provide for recordation of the proceedings. *Kujaca, supra*, 304 N.E.2d at 879.

■ The lack of recordation is not necessarily fatal to Davis's appeal. He might have submitted a statement of the evidence pursuant to Ind. Rules of Procedure, Appellate Rule 7.2(A)(3)(c). This rule provides that a statement of the evidence may be prepared from the best available means, including recollection, and submitted to the trial court for settlement and approval. *Registration & Management Corp. v. City of Hammond* (1972), 151 Ind.App. 471, 280 N.E.2d 327, 329. Davis, in fact, petitioned the court to compel his former wife to prepare such a statement. Initially, the court entered such an order, but later vacated it. The court concluded that AP

7.2(A)(3)(c) is permissive in nature and does not mandate a party[5] to prepare a transcript for an absent party. Its decision in this matter is purely discretionary, and we conclude that there is no abuse of discretion.

## IV., V. & VI.

### Property Division and Child Custody

■ Davis next challenges the division of the marital assets, the arrangement for the payment of child support and the restriction of visitation rights. Without a record before us, we are precluded from a review of these questions. It is impossible for us to determine whether the division of the marital assets was "just and reasonable," pursuant to IC 1971, 31–1–11.5–11, without the evidence upon which it is based. Where there is no transcript or a statement of the evidence and where the questions on appeal depend upon such evidence, we generally have no means by which to review the alleged errors. We must, therefore, affirm the judgment of the trial court. *Hughes v. Hughes* (1976), Ind.App., 356 N.E.2d 225; *Registration & Management Corp., supra.*

## VII.

### Trial Rule 60 Hearing

■ Finally, Davis argues, briefly and without any pertinent supporting authority, that he was prejudiced by the court's refusal to hear evidence concerning the division of the marital assets at the hearing on the TR. 60 motion. This hearing was held in order to determine "whether or not the judgment should be set aside by reason of the failure of notice or some other substantial procedural defect." The admission or rejection of evidence is well within the dis-

---

4. As noted early on, Davis had, at the very least, constructive notice of the hearing date. More importantly, he had been actively involved in the proceedings and should have known that the months of January and February would be a critical period in the resolution of his case.

5. We note that AP. 7.2(A)(3)(c) speaks in terms of the preparation of the record of proceedings "from the best available means." Such reconstruction need not be limited to the recollection of the opposing party. Others present at the trial or those who testified might be helpful in this regard. However compiled, the statement must, ultimately, be approved by the court before becoming part of the record.

cretion of the trial court. *Lovko v. Lovko* (1978), Ind.App., 384 N.E.2d 166, 173. The court's refusal to hear evidence on the marital assets in what amounted to a collateral attack on the judgment was not error. There is no abuse of discretion here.

Judgment affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.