STATE, EX REL. ANTRIM, *v.* REARDON ET AL.

[No. 20,064.   Filed October 8, 1903.]

161   249
161   323
161   439
161   249
164   430

QUO WARRANTO.—*Police Commissioners.—Relator.—Private Citizen.*—A *quo warranto* proceeding, under §§1145, 1146 Burns 1901, to determine the right of police commissioners to hold office can not be maintained by a private person unless he has a special interest, and one not common to the general public.

From Grant Circuit Court; *H. J. Paulus*, Judge.

*Quo warranto* on the relation of Pat. Antrim against Daniel C. Reardon and others.   From a judgment for defendants, relator appeals.   *Affirmed.*

*J. A. Kersey*, for appellant.

*G. A. Henry* and *P. H. Elliott*, for appellees.

MONKS, C. J.—The relator, a "resident citizen and taxpayer" of the city of Marion, filed in the court below an information in the nature of a *quo warranto* to compel appellees to show by what authority they assumed to act in the capacity and perform the duties of police commissioners of said city.

It was alleged in the information that the relator requested the prosecuting attorney to institute and prosecute this proceeding, and that he refused to do so; that appellees were appointed by the Governor members of the board of metropolitan police commissioners for said city of Marion under §§3717-3730 Burns 1901, Acts 1897, p. 90, Acts 1901, p. 24, and were acting as such under said appointment, and that the law under which they were appointed was unconstitutional.   Appellees' demurrer for want of facts was sustained to this information, and judgment was rendered in favor of appellees.   The errors assigned call in question the action of the court in sustaining the demurrer to the information.   Appellees insist that the information is insufficient because the facts

alleged do not show that the relator, a private person, claims or has any interest in said office of police commissioner. The relator contends that the act under which appellees were appointed is unconstitutional, and, the prosecuting attorney having refused to file an information when requested to do so, that he, as a citizen and taxpayer, has such right.

The common law rule requires that proceedings in the nature of *quo warranto* be instituted in the name of the State, by the Attorney-General or other prosecuting officer, and a private citizen has no right to file the information in his own name or of his own volition, because the law does not permit the use of this remedy by a citizen to redress the wrongs of the State. High, Extra. Legal Rem. (3d ed.), §697; Throop, Pub. Officers, §776; Dillon, Mun. Corp. (4th ed.), §§888, 889; *Landes* v. *Walls,* 160 Ind. 216. Section 1145 Burns 1901, §1131 R. S. 1881 and Horner 1901, provides: "An information may be filed against any person or corporation in the following cases: First. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office or any franchise within this State or any office in any corporation created by authority of this State." Section 1146 Burns 1901, §1132 R. S. 1881 and Horner 1901, provides: "The information may be filed by the prosecuting attorney in the circuit court of the proper county, upon his own relation whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority, or by any other person on his own relation, whenever he claims an interest in the office, franchise, or corporation which is the subject of the information."

This being an inquiry as to the right to hold a public office, the rule under our statute is that the relator, if a private person, must allege facts showing some right or interest in the office in himself. *Reynolds* v. *State, ex rel.,* 61 Ind. 392, 401-405; *State, ex rel., v. Adams,* 65 Ind.

393; *State, ex rel.,* v. *Peterson,* 74 Ind. 174, 179-181; *Mulliken* v. *City of Bloomington,* 72 Ind. 161, 163; *State, ex rel.,* v. *Smith,* 32 Ind. 213; Dillon, Mun. Corp. (4th ed.), §§898, 901; High, Extra. Legal Rem., §697.

To enable a private person to maintain such an action under our statute, his interest must be a special interest, and one not common to the general public. As the facts alleged do not show that the relator has such interest in said office, the court did not err in sustaining the demurrer to the information.

It is settled law in this State that the court will not pass upon a constitutional question if the case can be decided upon other grounds. *Hart* v. *Smith,* 159 Ind. 182; *Chicago, etc., R. Co.* v. *Glover,* 159 Ind. 166.

Judgment affirmed.