ZIFFRIN ET AL. *v.* ZIFFRIN TRUCK LINES, INC.

[No. 29,765. Filed May 27, 1959.]

*Charles B. Feibleman, Bernard Landman, Jr., Gene E. Wilkins, John E. Lesow, Bamberger & Feibleman,* of counsel, and *Lesow & Lesh,* of counsel, all of Indianapolis, for appellants.

*Kenneth Foster, R. Stanley Lawton, Alan H. Lobley* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellee.

JACKSON, J.—This matter is here on appeal from an interlocutory order of the Superior Court of Marion County, Indiana, Room No. 3. Appellants, defendants below, complain of the action of the trial court in rendering the following judgment, to-wit:

*"ENTRY FOR JANUARY 26, 1959 GRANTING TEMPORARY INJUNCTION AND FIXING BOND*

"Come now the plaintiff by counsel and the defendants by counsel and this cause having been set down for trial on the plaintiff's application for a temporary injunction and the defendant's motions to dissolve the restraining order and to increase the bond;

"And the court now having heard all the evidence now finds for the plaintiff on its application for a temporary injunction and against the defendant upon its motion to dissolve the restraining order;

"In so finding, the court only finds that the officers and directors who caused the plaintiff to bring this action are *de facto* officers of the plaintiff in possession of the offices with color of title and the defendants are purporting or assuming to be officers and directors of the plaintiff and such actions on the part of the defendant could cause irreparable harm to the plaintiff; and the plaintiff is entitled to have the defendants enjoined from purporting or assuming to be officers and directors and from interfering with the operations of the defendant until they establish their title to those offices in an appropriate action at law or until further order of the court; but the court expressly does not decide who are the legal officers and directors of the plaintiff or questions of the validity of proxies or the ownership of stock, or the validity of any elections of directors or officers of the plaintiff;

"The plaintiff now withdraws its motion to hold

the defendant, Louis Ziffrin, in civil contempt and it is now withdrawn;

"The court further finds that the bond of the plaintiff should be increased to fifty thousand dollars ($50,000.00);

"The plaintiff now files bond in the amount of fifty thousand dollars ($50,000.00), which bond is now approved by the court.

"It is therefore ordered that the defendants, Louis Ziffrin and David Ziffrin, are hereby restrained and enjoined from purporting or assuming to act as officers and directors of the plaintiff, Ziffrin Truck Lines, Inc. and from interfering in any way with the operations of the plaintiff, Ziffrin Truck Lines, Inc. until further notice of the court."

The facts are summarized as follows: At a duly called annual meeting of appellee on January 15, 1959, S. Ziffrin, Herman Liberman, Betty Marcus, Lewis Levy and John Barney were allegedly elected as the Board of Directors of appellee. On said day, following said election, said directors elected the following officers:

| | |
|---|---|
| President and Treasurer | S. Ziffrin |
| Executive Vice-President | Herman Liberman |
| Vice-President | E. Ziffrin |
| Secretary | Betty Marcus |

That at said meeting a controversy arose over the right of Simon Ziffrin to cast the proxy vote of David Ziffrin. Appellants allege that at said meeting the following directors were elected, to-wit: David Ziffrin, Louis Ziffrin, E. Ziffrin, Betty Marcus and John Lesow.

Thereafter on January 19, 1959, said directors elected or attempted to elect the following officers of said corporation, Ziffrin Truck Lines, Inc., to-wit:

| | |
|---|---|
| President | Louis Ziffrin |
| Vice-President | David Ziffrin |
| Secretary-Treasurer | E. Ziffrin |
| Assistant Secretary | John E. Lesow |

On January 19, 1959, a suit was filed in Superior Court Room No. 3 of Marion County, Indiana, by plaintiff-appellee, ZIFFRIN TRUCK LINES, INC., seeking a temporary restraining order, restraining the defendants-appellants, David Ziffrin and Louis Ziffrin, from purporting or assuming to act as directors and officers of plaintiff-appellee and enjoining the defendants-appellants from interfering in any way with the operations of the plaintiff-appellee. On the same day said court issued a restraining order against the appellants, in said order fixing January 23, 1959, at two o'clock P.M. in the court room of said court, for the hearing on the application for temporary injunction.

Thereafter on January 21, 1959, appellants filed their answer to the complaint in seven rhetorical paragraphs, denying the material allegations of the complaint, challenging the right of appellee to institute the action, denying authority of appellee's Board to authorize the suit, insisting that the proper action would be in quo warranto, seeking relief from the temporary restraining order and for a permanent injunction against the appellee.

It appears from the record that the appellants have instituted an action in quo warranto in Superior Court Room No. 2 of Marion County, Indiana.

It is a long-established rule in Indiana that the determination of the title to an office is properly raised by a proceeding in quo warranto. The facts before us in this action are such that the ultimate issue should be determined by an action in quo warranto. *State ex rel. Benton* v. *Kinkle* (1949), 227 Ind. 564, 571, 86 N. E. 2d 677; *The Carmel Natural Gas and Improvement Company* v. *Small et al.* (1897), 150 Ind. 427, 429, 430, 47 N. E. 11.

While there is a dispute as to the validity of the

472

proxy voted by Simon Ziffrin at the board meeting on January 15, 1959, there is no dispute as to the fact that the board elected at the meeting where said proxy was so voted, was then and now is in physical possession of the corporation offices, books, bank accounts and other physical properties of the corporation.

In the matter here before us for consideration, on this appeal, the finding of the lower court to the effect that appellee's officers were at least de facto officers is sustained by evidence. That being the case, the following rule will apply:

> "The rule is well settled that a claimant to an office may be enjoined by one occupying the office under a claim of right, until the former shall have established his title in an action at law. Thus will equity protect the possession of the incumbent from any unlawful intrusion." *Schepp et al.* v. *Evansville Television, Inc.* (1957), 236 Ind. 472, 481, 482, 141 N. E. 2d 437.

The judgment of the lower court is affirmed.

Achor, C. J., Arterburn, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 158 N. E. 2d 793.