STATE EX REL. GRILE ET AL. *v.* ALLEN CIRCUIT COURT,
W. O. HUGHES, JUDGE.

[No. 767S55. Filed November 28, 1967.]

*Clifford E. Simon, Jr., Shoaff, Keegan & Baird,* of Fort Wayne, for relators.

*Fred R. Tourkow,* of Fort Wayne, for respondent.

MOTE, J.—On July 31, 1967, Relators filed in the Clerk's Office their Verified Petition for Writ of Mandate. In pursuance of a rule of law, the Clerk notified Respondent of such filing and of the opportunity, within twenty (20) days, to file an answer, response or objection to the proceeding, with brief in support thereof.

Said Respondent, in due season, filed with this Court his response and objections, with a brief in support.

Some time prior to the filing of their Petition in the Clerk's Office, Relators offered for filing directly with the Court, after notice to Respondent, their said Petition seeking the issuance of a temporary writ, which, after informal hearing, was denied.

The record herein indicates that on May 25, 1967, Barbara J. Bonfield, as President of the Fort Wayne Teachers Association, an unincorporated association for the Officers and Members thereof, filed a complaint for Restraining Order and Injunction in Respondent's court against the Relators herein, as defendants therein, and to which complaint and cause of action Relators made certain appearances and filed various pleas, motions and demurrers and upon which Respondent, from time to time, as Judge of said court, made his rulings and decisions, to which Relators herein duly excepted.

Thereafter, on June 8, 1967, June 9, 1967, and June 29, 1967, hearings were had on the granting of a temporary injunction against the Relators herein, although no summons to them had ever been issued and returned, nor did they take any personal part in the proceedings save by special appearance, filing a plea in abatement. At the conclusion of the hearings, a temporary injunction against these Relators was issued.

After the issuance of the temporary injunction, and at a time when there was pending in Respondent's court an Information for Contempt against Relators and a Rule to Show Cause why these Relators should not be found in contempt of court for the violation of said temporary injunction, Relators filed their Motion for Change of Venue from Respondent's court, predicated upon a finding at the conclusion of the hearings on June 8, 9 and 29, 1967, on the question of the issuance of a temporary injunction, as follows:

". . . which action was taken in violation of the temporary restraining order heretofore issued by this Court in this Cause."

On July 18, 1967, Relators filed their Petition and Request for Disqualification of the Respondent Judge, stating, among other reasons, prejudice and prejudgment on the contempt proceedings.

On July 20, 1967, Respondent held a hearing on the said Motion for Change of Judge and the said Petition for Request for Disqualification, after which he granted said Motion for Change of Judge for the purpose of subsequent hearing on the permanent injunction, but retained jurisdiction of the Information for Contempt. He also granted Relators' Motion to Strike, but denied Relators' Petition and Request for Disqualification of Judge. Respondent retained jurisdiction of the Information for Contempt.

While we have but briefly set out the record in the trial court, it is believed that it is sufficient to state the questions presented from Relators' point of view.

In his Response and Brief in support, Respondent asserts that "a mere prior decision of law against a party does not show a disqualifying bias of the judge," citing *Hays* v. *Morgan* (1882), 87 Ind. 231, and he properly argues, we think, that to allow a Writ of Mandate to issue to a lower court to compel a judge to disqualify himself, regard-

less of the error, would be to invite an avalanche of such proceedings.

It often has been held that mandamus, an extraordinary remedy in equity, will not lie where there is an adequate remedy at law. *State ex rel. Socony Mobil Oil Co.* v. *Delaware Circuit Court* (1964), 245 Ind. 154, 196 N. E. 2d 752. Furthermore, the Writ of Mandate or Mandamus is not to be used as a substitute for appeal procedure. *State ex rel. Allison* v. *Criminal Court* (1958), 238 Ind. 190, 149 N. E. 2d 114; *State ex rel. Rans* v. *Fulton Circuit Court* (1960), 240 Ind. 288, 164 N. E. 2d 111; *State ex rel. Continental Music Co.* v. *Marion Circuit Court* (1962), 242 Ind. 673, 180 N. E. 2d 240; Burns' § 2-3218.

Furthermore, § 2-3218, Burns' Ind. Stat. Anno., Vol. 2, Part 1, 1946 Repl., provides for appeals from interlocutory orders. *State ex rel. McMinn* v. *Gentry* (1951), 229 Ind. 615, 100 N. E. 2d 676.

It has been held in our jurisdiction that a defendant in a civil contempt is not entitled to a change of venue. Vol. VI, I.L.E. *Contempt* § 25, p. 28, and *State ex rel. Trotcky* v. *Hutchinson* (1946), 224 Ind. 443, 68 N. E. 2d 649, which appears to apply to the case at bar, wherein it is stated:

> "Contempt of court is neither civil, criminal nor equitable for the reason that the right to exercise this power is inherent in all our courts. It is purely judicial power and is not the creature of legislation and is inalienable and indestructible. (Citations) It follows that contempt of court, not being a matter of civil, statutory or equitable nature is not within the terms of said § 2-1402 of our statutes. Furthermore, courts have always been jealous of their inherent judicial powers and due to this fact the great weight of authority is that unless a statute providing for a change of venue specifically gives the right of such change in contempt of court cases, the parties are not entitled to the same. (Citations)"

From what we have said above, it is obvious that several sound reasons exist to sustain the action of this Court in re-

fusing to issue the temporary writ which Relators sought; moreover, such reasons appear to remain valid and applicable in our consideration of the Petition for final equitable relief.

So far as we are apprised, Relators have not yet been harmed; whether they will be found guilty and punished on the Information for Contempt is problematic. If so, any error may be saved and included in the Motion for New Trial and be subject to assignment on appeal.

In arriving at our conclusion, we are constrained to say that although there may appear to be some inconsistencies in our recent holdings in original actions, we must point out that careful analysis will indicate otherwise. Perhaps it is well to state that this Court is guided by what it may consider genuine emergencies and the possibility, even probability, of irreparable harm that is real, not chimerical.

We believe it would be appropriate to state that the record of this Court over the past several years may have indicated a liberality in the consideration of original actions. Such indications, if any, no longer may be indulged. This Court's present docket of undecided cases no longer will permit the extravagance entailed if we are to make inroads upon the decisions and determination of appeals properly before us. We are constrained to conclude and to reiterate that only alleged errors in original actions filed herein, which properly may not be raised on appeal, will have any more than passing consideration and disposition.

Petition for Writ of Mandate is now denied.

Lewis, Arterburn and Hunter, JJ., concur.

Jackson, C. J., dissents without opinion.

NOTE.—Reported in 231 N. E. 2d 138.