**STATE ex rel. JANESVILLE AUTO TRANSPORT CO. and Gulf Insurance Company, Petitioners,**

v.

**SUPERIOR COURT OF PORTER COUNTY, Indiana, and the Honorable Raymond D. Kickbush, Regular Judge of Said Court, Respondents.**

No. 478S64.

Supreme Court of Indiana.

April 18, 1979.

Thomas W. Kramer, Merrillville, for petitioners; Whitted & Buoscio, Merrillville, of counsel.

Raymond D. Kickbush, Valparaiso, for respondents.

PRENTICE, Justice.

The relators (defendants below) filed a verified petition for a writ of mandate and prohibition against the Superior Court of Porter County and Raymond D. Kickbush, the Regular Judge of the Superior Court of Porter County, requesting that they be ordered to strike the order granting the plaintiff's motion for reinstatement of Cause No. 72 PSC 805, Vern Odom d/b/a Vern's Motor Sales v. Janesville Auto Transport Co., and Gulf Insurance Co., and to prohibit further action in said cause.

On April 27, 1972, plaintiff brought an action against Janesville Auto Transport and Gulf Insurance Company, as its insurer, for damages arising out of a collision allegedly caused by an employee of Janesville Auto Transport. Relators appeared by counsel and filed their answer of denial. A pretrial conference was held on May 15, 1974, after which no further action was taken by the plaintiff. On November 27, 1974, Russell A. Nixon, Judge of the Porter Superior Court, in a general order, notified the plaintiff to show cause why the cause should not be dismissed for want of prosecution, pursuant to Trial Rule 41(E), on or before January 7, 1975. The plaintiff having failed to appear or respond on or before that date, the court dismissed the action.

No further action was taken by the plaintiff until September 15, 1977, when he filed his motion to reinstate the cause. Relators filed their motion to strike the plaintiff's motion to reinstate the litigation and arguments were had on October 11, 1977. Plaintiff relied upon Trial Rule 60(B)(8) for reinstatement, maintaining that it was within the discretion of the trial court to set the time limitation for seeking relief from a final judgment. Relators argue that the court was without jurisdiction to reinstate the action, because the maximum period of time permitted for petitioning the court for relief from the order of dismissal had expired. The court granted the plaintiff's motion to reinstate, following which the Relators filed a motion to reconsider, which was summarily denied. Subsequent to these events, Relators filed this original action for our consideration.

■ Relators are incorrect in their contention that the trial court acted in excess of its jurisdiction in reinstating the cause. Clearly, it was within the judge's discretion to determine what constituted a reasonable time within the meaning of subdivision (B) of the rule; and we find no merit to Relator's position that, inasmuch as the plaintiff's claim of a lack of notice or knowledge of the dismissal presented an issue of fact,

it was governed by subdivision (B)(1) of the rule and was required to be filed within one (1) year.

██ We pass no opinion upon the correctness of the ruling reinstating the cause. Whether or not to grant the motion, however, lay in the sound discretion of the trial court and is reviewable only under a claim of abuse of that discretion. *Soft Water Utilities, Inc. v. LeFevre,* (1973) 261 Ind. 260, 301 N.E.2d 745.

██ Our rules governing original actions provide that original actions are viewed with disfavor and are not intended to be used to circumvent the normal appellate process. Only where the relator can establish that his appellate rights are inadequate will his writ be granted. O.A. (A). Trial Rule 60(C) clearly provides that a trial court's Orders denying or granting relief under Trial Rule 60(B) are final judgments from which appeals may be taken. [Trial Rule 60(C)]. Such appeal rights are adequate, and the relators are, therefore, foreclosed from seeking the extraordinary equitable relief of mandate and prohibition. *State ex rel. Crumpacker v. LaPorte Circuit Court,* (1975) 264 Ind. 27, 338 N.E.2d 261; *State ex rel. Collins v. Lake Superior Court, Room 4,* (1954) 233 Ind. 536, 121 N.E.2d 731.

The Writ is denied.

GIVAN, C. J., and DeBRULER and HUNTER, JJ., concur.

PIVARNIK, J., not participating.