STATE of Indiana, ex rel. G. Emerson BROWN, Jr., Relator,

v.

The CIRCUIT COURT OF MARION COUNTY and the Honorable Frank P. Huse, as Judge Thereof, Respondents.

No. 381S63.

Supreme Court of Indiana.

Jan. 28, 1982.

David W. Mernitz, Doninger & Mernitz, Indianapolis, for relator.

Frank E. Spencer, John Hammond, Indianapolis, for respondents.

GIVAN, Chief Justice.

Upon presentation of relator's Petition for Writ of Mandamus, this Court denied a temporary writ. This opinion is to ratify the denial of that writ.

The facts are these. On January 6, 1981, one Richard Poppa, a member of the School Board of the Metropolitan District of Perry Township of Marion County, resigned from his position on the Board. In accordance with procedures outlined in I.C. 20–4–8–18 [Burns' 1975], the remaining four members of the Board tried to elect a successor but were unable to reach any agreement within the next thirty days. The Board then resorted to the cited statute and again in accordance with its terms notified the re-

spondent herein of the vacancy and petitioned respondent to fill the vacancy.

Respondent was supplied with legal memoranda submitted by the Board of Education taking the position that the respondent was obliged to select the new member from within the same district inside the school corporation's general boundaries in which the resignee had resided.

Ultimately on February 19, 1981, the respondent appointed one John Hammond, who was not from the same district as the resignee.

The relator applied to this Court for a Writ of Mandamus to require the respondent to vacate the appointment and comply with the statute by appointing someone from the same district as the resignee. Given our disposition of the relator's petition, we do not reach the question of whether or not the relator's interpretation of the statute is correct.

■ We hold the Writ of Mandamus was not the proper remedy in this case. Original actions are not intended to be used to circumvent the normal appellate process. In order to be granted the remedy, the relator must be able to show his appellate rights are inadequate. *State ex rel. Wonderly v. Allen Circuit Court*, (1980) Ind., 412 N.E.2d 1209; *State ex rel. Janesville Auto Transport Co. v. Superior Court of Porter County*, (1979) Ind., 387 N.E.2d 1330. Ind. R.O.A. 2(C) reads: "Original actions are viewed with disfavor, and may not be used as substitutes for appeals." We have held mandamus will lie only where the relator had no other adequate remedy at law. *State ex rel. Grile v. Hughes*, (1967) 249 Ind. 173, 231 N.E.2d 138.

■ In this case the relator has a remedy at law, namely a *quo warranto* action. *Quo warranto* is the proper remedy for determination of the right of a party to hold office. *Hovanec v. Diaz*, (1981) Ind., 397 N.E.2d 1249; *Ziffrin v. Ziffrin Truck Lines, Inc.*, (1959) 239 Ind. 468, 158 N.E.2d 793. Traditionally the proceeding must be brought in the name of the State or other prosecuting officer. *State ex rel. Antrim v.*

*Reardon, et al.*, (1903) 161 Ind. 249, 68 N.E. 169. However, a private person may bring a *quo warranto* if he claims an interest on his own relation, or a special interest beyond that of a taxpayer. *Hovanec, supra; McGuirk v. State*, (1930) 201 Ind. 650, 169 N.E. 521; *State ex rel. Antrim, supra.*

■ In the case at bar the relator seeks to challenge the right of the respondent's appointee to hold the office; thus, even though he is a private person the relator is entitled to bring a *quo warranto* action so long as he can show a personal special interest in the case beyond that of a taxpayer. From the record it appears he can do so, as he lives in the district from which he claims the appointee must be selected and by his own act has made himself a candidate for that office. The relator would be entitled to an appeal should he lose in the trial court. We do not see any inadequacy in his appellate rights.

In *State ex rel. Drost v. Newton Superior Court*, (1981) Ind., 416 N.E.2d 1247, 1250, we stated: "[A]n action for mandamus will lie to force an official to perform a clear legal duty or to grant an unquestioned right to relief." In the case at bar we cannot say respondent had a clear legal duty to appoint someone to the vacant seat from the same district as the resignee. All that can be said is the respondent had a clear legal duty to appoint someone from within the Perry Township school district to the seat. Ind.R.O.A. 2(A) states: "[N]o application for a writ of mandamus ... will be entertained unless the relator has raised ... *the failure of the respondent to act* when it was under a duty to act ...." (Emphasis supplied.) In the case at bar the respondent did not fail to act when he was under a duty to do so. If we assume for the sake of argument the respondent acted improperly under the statute, such action should be reviewed in a *quo warranto* proceeding and an appeal taken from that decision by either party feeling aggrieved.

For the reasons above cited, we hereby ratify our denial of the writ sought by the relator.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The statute in question, Ind.Code § 20–4–8–18, indicates that where the board fills a vacancy due to a resignation, it shall select a person from the same board member district as the person who resigned. In this case, the person who resigned was from Board District No. 1. The statute goes on to give the judge of the circuit court the power to make "such appointment", when the board cannot agree on the new appointment. Here the board was unable to agree and the duty fell upon the respondent court to make the appointment. To date he has not appointed a board member from Board District No. 1. The act of appointment enjoined upon the respondent court by this statute is a non-judicial ministerial one. It is a duty enjoined by law. On authority of the case of *State ex rel. Buttz v. Marion Circuit Court*, (1947) 225 Ind. 7, 72 N.E.2d 225, I would vote to issue the writ commanding respondent to make the appointment as required by the statute.