**STATE of Indiana on the relation of John Frederick LARNER, Relator,**

v.

**The MARTIN CIRCUIT COURT and the Honorable Edward C. Theobald, As Special Judge Thereof, Respondents.**

No. 583S178.

Supreme Court of Indiana.

Dec. 1, 1983.

Rehearing Denied Feb. 8, 1984.

Jeffrey E. Hayes, Washington, for relator.

Gary R. Landau, John P. Tobin, Jr., John D. Schiff, Buck, Berry, Landau, Breunig & Quinn, Indianapolis, for respondents.

PIVARNIK, Justice.

This is an original action by which Relator, John Frederick Larner, sought permanent writs of mandamus and prohibition. We denied the writs after hearing oral arguments on May 16, 1983. We now ratify the denial of these writs in this opinion.

This case deals with the custody of Leah Renee Wyman, one and one-half years old, born to Rita K. Wyman in the state of Indiana. There is no dispute that John Frederick Larner is the father of the child. The facts show that Rita Wyman was born in Indiana and resided here for most of her life. She lived with her parents in Martin County and graduated from high school in Shoals, Indiana. She worked for several years for RCA in Bloomington, Indiana. In 1979, Rita Wyman moved to Colorado and remained there until about November, 1981, when she returned to the home of her parents in Martin County, Indiana. On December 6, 1981, Rita gave birth to Leah in Indianapolis, Indiana.

In October, 1980, Rita Wyman and John Larner lived together in Colorado although they were never formally married. In March or April, 1981, the child was conceived. On April 23, 1982, Larner filed his petition for dissolution of marriage in Routt County District Court, Colorado, and requested custody of the parties' minor child, Leah. Although Indiana has not recognized common law marriages since 1957, apparently Colorado still does and the Colorado District Court entertained the action and entered a temporary custody order in favor of Larner. On June 7, 1982, Rita Wyman filed her petition for determination of custody in the Martin Circuit Court and on the next day the court granted her request for temporary custody. The relator moved for a change of venue from the judge and the Honorable Edward Theobald qualified as Special Judge on August 2, 1982. On November 24, 1982, the Martin Circuit Court sustained Relator's motion to dismiss, filed July 14, 1982, finding at the time the Petitioner initially filed for custody there was no issue presented for determination by the court. The court ruled there was no action

before it for dissolution of marriage, paternity, delinquency or any other vehicle which would enable the court to assume jurisdiction over the custody issues. The court did note that should the Colorado court resolve the common law marriage issue and determine that Indiana is the home state of the child, then the Martin Circuit Court would be able to have jurisdiction to determine the custody issue pursuant to the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.). Ind.Code § 31–1–11.6–1 et seq. (Burns Repl. 1980) There followed a series of activity in the Indiana courts culminating in the filing on February 23, 1983, by Rita Wyman in the Martin Circuit Court of an amended verified petition for custody and support pursuant to U.C.C.J.A. The Martin Circuit Court again entered a custody order in favor of Rita Wyman. On March 10, 1983, Larner filed his Motion to Dismiss the Amended Verified Petition for Custody and Support and to vacate the February 25, 1983, custody order of the Martin Circuit Court. Martin Circuit Court held a hearing on the Motion to Dismiss on April 12, 1983, and on April 25, 1983, made the following entry:

"The Court having considered John Frederick Larner's motion to reconsider, now finds that the court properly found that Rita Kay Larner's (sic) amended petition is not subject to the theories of res judicata or collateral estoppel for the reasons that this court's prior sustaining of Larner's motion to dismiss did not reach the issues of this case; that Judge Dugan's order in the Marion Superior Court of February 22, 1983, was entered without full knowledge of the circumstances of this case and was later vacated by Judge Dugan; and that the order of the Colorado Court on December 13, 1982, was a temporary order and that court's further order on March 2, 1983, specifically stayed the proceedings in that court until this court was able to determine the issue of Indiana's jurisdiction over the child. Further, this court's finding that Wyman's amended petition was timely filed is correct for the reason that it is alleged that the child was born in Indiana and

has not left this State at any time during its year and five months of life, thus Indiana being the child's 'home state'. Further, the court's finding that the State of Indiana may well have jurisdiction over the custody of the child even though Larner's petition was filed in Colorado first is correct for the reason that a state's jurisdiction over the custody of a child is to be first determined under I.C. 31–1–11.6–3 and if a determination cannot be made under that section then I.C. 31–1–11.6–6 becomes the operative section. This court has not been able to reach that issue to make such a determination. Motion to reconsider is denied.

The relator has not included a transcript of the evidence received by the trial court at this hearing so we do not have the benefit of the evidence on which the trial court based its judgment. This is one of the grounds given by the respondent for the denial of the writ. The parties agree, however, that during the summer and fall of 1982, Judge Theobald of the Martin Circuit Court and Judge Richard Doucette of the District Court of Routt County, Colorado, communicated with each other in compliance with the Indiana U.C.C.J.A. and the Colorado U.C.C.J.A., Colo.Rev.Stat. 14–13–101 *et seq.* (1974), and exchanged information pursuant to such statutes. As Judge Theobald found in his entry of April 25, 1983, the temporary order of the Colorado court was stayed on March 2, 1983, pending determination by the Indiana court on the issue of jurisdiction pursuant to the U.C.C.J.A.

The granting of custody to Rita Wyman and denial of relator's Motion to Dismiss, was based on the U.C.C.J.A. which provides as follows (Ind.Code § 31–1–11.6–3):

"*Jurisdiction.*—(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six [6] months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;

or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4)(A) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2) or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interests of the child that this court assume jurisdiction.

(b) Except under paragraphs (3) and (4) of subsection (a), physical presence in this state of the child, or of the child and one [1] of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

(c) Physical presence of the child, while desirable, is not prerequisite for jurisdiction to determine his custody.

The relator concedes that pursuant to the Uniform Act, Indiana is the child's home state, which is the first test under sub-section 1 of Section 3 of the above Act. He argues that since the child was conceived in Colorado there is a signifi-

cant connection with the state of Colorado inasmuch as the father lives there. The trial court properly found that it had jurisdiction to grant custody to Rita Wyman. Pursuant to the provisions of § 31–1–11.6–3, there is no question that Indiana is the child's home state as the child was born here and has never left the state. Further, the child has significant connections with the state since it resides in Indiana with its mother, where its grandparents and other family members also reside, and wherein the child's medical records and health care facilities are located. There is no showing that the child is in the state only temporarily, or that it has been abandoned, or there is an emergency and the child must be protected because of mistreatment, neglect, or abuse. There is no allegation anywhere in the record to indicate that such is the case. Thus, it is apparent that all of the jurisdictional conditions exist in Indiana and obviously none of them exist in Colorado. The only connection with the state of Colorado is that the father lives there. Therefore, the trial court was again correct in finding that § 31–1–11.6–6, dealing with simultaneous proceedings in other states, does not apply in this case to give jurisdiction to the Colorado court which would supercede Indiana's jurisdiction. In the first place, the Colorado court was not exercising jurisdiction in substantial conformity with the U.C. C.J.A. when it entered its original custody order. It merely entered an *ex parte* order in connection with the divorce action. Furthermore, the Colorado court suspended its order pending determination by the Indiana court of the jurisdictional issue. The Indiana court had before it all of the facts pursuant to § 31–1–11.6–3, which gave it jurisdiction and showed that under no conceivable set of facts could a Colorado court exercise jurisdiction under either sub-section 3 or sub-section 6 of the Act. We have related above that the child was born in Indiana and has never left the state, that significant connections are present in Indiana and not in Colorado, and that therefore it is in the best interest of the child to remain in Indiana and have the Indiana court assume jurisdiction.

We further agree with the respondents that these writs should be denied since the relator has an adequate remedy through appeal on all issues of the custody question including the jurisdictional issue when a final custody decree is entered by the Martin Circuit Court. *State ex rel. Wonderly v. Allen Circuit Court,* (1980) Ind., 412 N.E.2d 1209; *State ex rel. Jamesville Auto Transport Co. v. Superior Court of Porter County,* (1979) 270 Ind. 584, 387 N.E.2d 1330.

Application for Writs of Mandamus and Prohibition is denied.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

Rita Wyman, an adult woman, chose freely to leave Indiana, the locality in which she grew up, and to settle in the State of Colorado. There she married relator according to the laws of that state. They established a home there with all of the thought, sharing and activities that process entails. He held a job there. In that home she got in a family way. Together they chose to permit the pregnancy to run full term, to bring the child into the world, and to care for it. During her pregnancy there, she and the child received the care and attention of physicians. Within the last month of the pregnancy, Ms. Wyman elected to travel back to Indiana to give birth to the child. After the birth in Indiana in December, 1981, she elected not to return to her home in Colorado, and in response in four months' time her husband, the father of the child, and relator herein, filed the first court action on April 23, 1982, before the Honorable Richard P. Doucette, District Court Judge for the County of Routt, State of Colorado, Cause No. 82–DR–68. That action was for dissolution of the marriage and custody of the couple's minor child, and in that cause, following a hearing, Judge Doucette on November 29, 1982 made an

initial order granting custody to the father, relator herein. At the time that order was made in Colorado there was no action pending in Indiana in which the issue of custody was raised. Indeed, after consultation with Judge Doucette, and a hearing upon jurisdiction, respondent court dismissed an Indiana action of Ms. Wyman for custody upon motion of relator on November 24, 1982, thereby expressly making clear the way for exercise of jurisdiction in the Colorado court five days later.

The Colorado order was filed for enforcement, pursuant to Ind.Code § 31–1–11.6–13, on December 16, 1982, in respondent court, and enforcement by the sheriff was ordered. Attempts at enforcement were not successful. On December 28, 1982, Ms. Wyman fled to Marion County, Indiana where she filed a suit for custody in the Marion Superior Court, and obtained an *ex parte* order for temporary custody. On February 8, 1983, Judge Dugan of that court dismissed the action on motion of relator in light of the pending Colorado suit and order. On February 23, 1983, Ms. Wyman returned to Martin County and respondent court and filed an Amended Verified Petition for Custody and was granted an *ex parte* temporary custody order on February 25, 1983. The issue presented in this original action is whether the respondent court could properly exercise its jurisdiction to make that February 25th order.

At the time Ms. Wyman filed her Amended Verified Petition for Custody and Support in the Martin Circuit Court on February 23, 1983, Colorado Cause No. C–82–68 raising the custody issue between mother and father, from which cause the order granting the father custody had emanated, was then pending. Indiana Code § 31–1–11.6–6 governs where as here simultaneous proceedings are pending in different states. Subsection (a) provides:

"(a) A court of this state shall not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons."

In this case the Colorado court has proceeded in substantial conformity with the UCCJL. It stayed the Colorado proceedings pending a determination by the respondent Indiana court of its jurisdiction and whether it was the more appropriate forum for litigating the custody issue. Respondent court deferred to the Colorado court as being the more appropriate forum, before the Colorado court made its November 29, 1982 order vesting custody of the child in relator. After the Colorado order was made and before respondent court granted its custody order, the Marion Superior Court likewise deferred to the Colorado court case. Moreover the jurisdiction of the Colorado court to litigate the custody issue is clear. Indiana Code § 31–1–11.6–4 provides that such jurisdiction exists where:

"(2) It is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships...."

The child has significant connections with the state in which his father lives and works and where both his mother and father made their permanent home up until a recent separation. The family doctor, the family dentist, the family church, the family friends and associates are all in Colorado. This is not to say that Indiana courts do not have jurisdiction in the same sense as well. It should not come as surprising that the courts of two states can have the basic jurisdiction as contemplated by Ind.Code § 31–1–11.6–3 at the same time. Having that jurisdiction is only the first hurdle which an Indiana court must get over in a case like the one before us. The second hurdle is the one erected by Ind.Code § 31–1–11.6–6(a) above which prohibits an

Indiana court from exercising "its jurisdiction under this chapter", where a case is already pending in the court of another state. Such a case was pending when the order below was made granting Ms. Wyman temporary custody, and the extraordinary writ should be issued to the respondent court to vacate its February 25, 1983 order granting temporary custody to the mother and to enforce the Colorado order granting custody to the father. To refuse the writ in this case is contrary to the statute and to reward truculence.