**CITY OF GARY, Indiana, Appellant,**

v.

**Thomas E. JOHNSON, Appellee.**

**No. 37A03–9207–CV–198.**

Court of Appeals of Indiana,
Third District.

Sept. 30, 1993.

---

**3.** At the time of trial, the V.F. Stock had rebounded, and was selling at approximately $56.00 per share.

Gilbert King, Jr., Gary, for appellant.

Clorius L. Lay, Gary, for appellee.

STATON, Judge.

The City of Gary ("City") appeals a judgment in favor of Thomas Johnson, a private citizen and taxpayer, on Johnson's action to remove Councilman Cleveland Rouster from office and void City resolutions voted upon by Rouster. Three issues are presented:

    I.   Whether the trial court was required to grant City's Motion to Dismiss because Johnson lacked standing to seek Rouster's removal from office.

    II.   Whether the trial court erroneously granted Johnson's motion for partial summary judgment.

    III.   Whether the trial court erroneously voided Pending Resolution 90–40.

We conclude that Johnson did not have standing, and reverse.

On March 19, 1991, Thomas Johnson filed a complaint against the City alleging that City Councilman Cleveland Rouster held the dual offices of City Councilman and City Building Inspector in violation of IND.CODE 36–4–4–2.[1] An amended complaint filed March 25, 1991 prayed that the trial court: (1) remove Rouster from his council position; (2) enjoin voting on Pending Resolution 91–005; (3) void Resolution 91–005 if enacted; and (4) void all votes cast by Rouster after February 26, 1990. On the same date, Johnson moved for partial summary judgment, seeking a declaration that Rouster could not serve in his dual roles.

On March 28, 1991, City moved to dismiss Johnson's complaint, alleging that (1) Johnson lacked standing to bring suit to remove Rouster from office and (2) even if Rouster were illegally holding the position of councilman, his votes were valid because he was acting as a *de facto* official.

On July 24, 1991, Johnson further amended his complaint, alleging a violation of IND.CODE 5–14–1.5–1 (the "Open Door" law) and requesting that Rouster be denied the right to vote as a member of the City Council until resigning other employment with the City.

City's motion to dismiss was denied on September 21, 1991. Johnson filed a second motion for partial summary judgment on October 17, 1991. Following a hearing held on January 2, 1992, the trial court granted Johnson's motion for partial summary judgment. The court concluded that Rouster was in violation of I.C. 36–4–4–1 until his July 19, 1991 resignation as building inspector and that his vote on Pending Resolution 91–005 was void.

---

**1.** I.C. 36–4–4–2 provides: "The powers of a city are divided between the executive and legislative branches of its government. A power belonging to one (1) branch of a city's government may not be exercised by the other branch."

On June 5, 1992, the trial court issued a judgment concluding that City violated the Open Door law during voting on Ordinance 91–064.

On July 2, 1992, the trial court issued an order invalidating Pending Resolution 90–40. The court concluded that Rouster's deciding vote (5–4) was invalid; therefore, the legislation lacked sufficient votes for compliance with IND.CODE 36–4–6–11.[2]

## I.

### *Standing*

City contends that its motion to dismiss Johnson's complaint should have been granted because Johnson lacked standing to bring a *quo warranto* action.

 In determining whether a complaint should be dismissed, facts alleged in the complaint must be taken as true. Dismissal is appropriate only where it appears that under no set of facts could plaintiffs be granted relief. *Thiele v. Ind. Dept. of Highways* (1985), Ind.App., 472 N.E.2d 1274, 1275.

 *Quo warranto* is the proper remedy for determination of the right of a party to hold office. *State ex rel. Brown v. Circuit Court of Marion County* (1982), Ind., 430 N.E.2d 786, 787. The action is governed by IND.CODE 34–1–59–1 *et. seq.*

 Pursuant to IND.CODE 34–1–59–2, an information may be filed by the prosecuting attorney or by any other person on his own relation whenever he claims an interest in the office, franchise or corporation, which is the subject of the information. Traditionally, the proceeding has been brought in the name of the State; a private person may bring a *quo warranto* only if he claims an interest on his own relation or a special interest beyond that of a taxpayer. *Brown, supra,* at 787. The individual must demonstrate a personal interest distinct from that of the general public, which interest must be in the right

or title to the office. *Hovanec v. Diaz* (1979), 272 Ind. 342, 397 N.E.2d 1249, 1250.

In *Hovanec, supra,* an individual attempted to maintain a *quo warranto* action against a city judge. He claimed that, as a taxpayer, he was subject to increased taxes should the City of Lake Station be found liable for the "tortious acts" of an improperly seated judge. Our supreme court held that this interest fell short of that necessary to maintain the *quo warranto* proceeding. *Id.* at 1250. Furthermore, the court noted that Judge Hovanec acted as a *de facto* officer, i.e., he was claiming the office and in possession of it, performing its duties and claiming it under color of election. The court concluded that Judge Hovanec's acts were valid, inasmuch as he was acting as a judge *de facto*. *Id.*

 In the instant case, Johnson alleged only that he is a taxpayer and property-owning resident of the City of Gary. Record, p. 26. He failed to allege or demonstrate any personal interest in Rouster's office distinct from that of the general public. Therefore, he lacked standing to bring a *quo warranto* action to challenge Rouster's right to hold office and the validity of Rouster's actions as an office-holder.

The trial court should have granted City's motion to dismiss.

Reversed.

GARRARD and MILLER, JJ., concur.

---

**2.** I.C. 36–4–6–11(a) provides: "A requirement that an ordinance, resolution, or other action of the legislative body be passed by a majority vote means at least a majority vote of all the elected members."