

FILED

Aug 21 2020, 8:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Louis Denney
Muncie, Indiana

ATTORNEY FOR APPELLEE

Brian M. Pierce
Muncie, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John P. Hampton,<br>*Appellant-Defendant,*<br><br>v.<br><br>Audie Barber,<br>*Appellee-Plaintiff.* | August 21, 2020<br><br>Court of Appeals Case No.<br>20A-MI-143<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable Peter D. Haviza, Special Judge<br><br>Trial Court Cause No.<br>18C02-1911-MI-873 |

**Najam, Judge.**

## Statement of the Case

[1]     John P. Hampton, a Muncie City Councilman, appeals the trial court's order granting Audie Barber's request for a permanent injunction following his complaint for ouster of an unlawful office holder in which the court concluded that, under Indiana Code Section 3-5-8-1(e), Hampton is not eligible to hold a

seat on the Muncie City Council. Hampton raises two issues for our review, which we revise and restate as follows:

1. Whether Barber had standing to file the complaint against Hampton.

2. Whether Indiana Code Section 3-8-1-5(e) is unconstitutional as applied to him.

[2] We affirm.

## Facts and Procedural History

[3] At some point in 2019, an at-large councilman on the Muncie City Council either withdrew or resigned from his position, and his seat became available. Hampton, Barber, and two other individuals applied to the Democratic Central Committee to fill the vacancy. On August 27, the committee held a caucus to vote for a candidate to fill the position. Hampton received the most votes, and Barber came in third. Accordingly, the precinct committeemen selected Hampton to fill the vacant seat on the city council.

[4] Thereafter, on November 7, Barber discovered that Hampton had been convicted of two prior felony convictions that were later reduced to misdemeanors. Accordingly, on November 19, Barber filed a verified complaint and information for ouster of an unlawful office holder and for a permanent injunction. In that complaint, Barber alleged that Indiana Code Section 3-8-1-5(d) and (e) precluded any person who had been convicted of a felony from assuming or being a candidate for an elected office even if that

felony had been later reduced to a misdemeanor. Accordingly, Barber maintained that Hampton was not eligible to serve as an elected official because of his prior convictions. Barber also asserted that he was authorized to file the complaint against Hampton because he had an interest in the office. Specifically, he alleged that he had been an unsuccessful candidate for the same council seat and that he would again attempt to hold that office if a vacancy were to occur as a result of his complaint against Hampton.

[5] The court held a hearing on Barber's motion on December 18. At that hearing, Barber introduced evidence that, on June 19, 1998, Hampton pleaded guilty to dealing in marijuana, as a Class D felony, in Monroe County. *See* Ex. Vol. III at 6. Barber also introduced evidence that, on June 30, 2000, Hampton pleaded guilty to possession of a controlled substance, as a Class D felony, in Brown County. *See id*. at 4. Hampton did not dispute his criminal history, but he testified that the trial court had reduced both of his offenses to Class A misdemeanors following his successful completion of probation. Hampton then asserted that Barber was not "a proper person" to bring the complaint against him because Barber had finished third out of four at the caucus election and, as such, that Barber did not have an interest in the office. Tr. at 19.

[6] Following the hearing, the court entered findings and conclusions. Specifically, the court found that Barber "has an interest in the office, in that he was also a candidate, albeit unsuccessful[.]" Appellant's App. Vol. II at 34. The court also found that Indiana Code Section 3-8-1-5(d) and (e) prohibits any person who has been convicted of a felony from holding office even if that conviction

was later reduced to a misdemeanor. Accordingly, the court concluded that Barber had standing to file the complaint against Hampton and that Hampton "is not eligible to hold any seat" on the city council. *Id*. This appeal ensued.

## Discussion and Decision

### *Issue One: Barber's Standing*

[7] Hampton first asserts that Barber lacked standing to file the complaint against him. In determining that Barber was a proper person to file the complaint, the trial court issued findings of fact and conclusions thereon. As this Court has recently stated:

> Where, as here, issues are tried upon the facts by the trial court without a jury, and the trial court enters specific findings *sua sponte*, we apply a two-tiered standard and determine whether the evidence supports the findings, and then whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences to support them. A judgment is clearly erroneous when our review of the record leaves us with a firm conviction that a mistake has been made.

*VanHawk v. Town of Culver*, 137 N.E.3d 258, 265 (Ind. Ct. App. 2019) (internal citations omitted).

[8] Here, Barber filed his complaint against Hampton pursuant to Indiana Code Section 34-17-1-1(1) (2020), which provides that an information may be filed against any person when that person "usurps, intrudes into, or unlawfully holds or exercises a public office" in Indiana. And Indiana Code Section 34-17-2-

1(a)(2) provides that that information may be filed by the prosecuting attorney or "by any other person on the person's own relation, whenever the person claims an interest in the office" that is the subject of the information.

[9] On appeal, Hampton asserts that the evidence does not support the trial court's finding that Barber had standing to file the complaint against him. As this Court has previously stated, a private person may file an information to determine the right of a party to hold office "only if he claims an interest on his own relation or a special interest beyond that of a taxpayer." *City of Gary v. Johnson*, 621 N.E.2d 650, 652 (Ind. Ct. App. 1993). The individual "must demonstrate a personal interest distinct from that of the general public, which interest must be in the right or title to the office." *Id.* Indeed, our Supreme Court has held that an individual is authorized to file such an action when that individual "lives in the district from which he claims the appointee must be selected and by his own act has made himself a candidate for that office." *State ex rel. Brown v. Cir. Ct. of Marion Cty.*, 430 N.E.2d 786, 787 (Ind. 1982).

[10] Here, the undisputed evidence demonstrates that Barber is a resident of the City of Muncie. The evidence further shows that Barber applied for the vacant seat on the Muncie City Council, which vacancy was ultimately filled by Hampton. And the evidence indicates that Barber would again apply for that office should another vacancy occur as a result of the instant proceedings. That evidence demonstrates that Barber had a personal interest in the office beyond that of the general public. *See id.* We are not persuaded by Hampton's bald assertion that Barber lacked a personal interest in the office simply because he placed third in

the caucus election. Rather, we hold that the evidence supports the trial court's finding that Barber had a special interest in the office, and that finding supports the court's conclusion that Barber had standing to file the complaint against Hampton.

### Issue Two: Constitutionality of Indiana Code Section 3-8-5-1(e)

[11] Hampton next asserts that Indiana Code Section 3-8-1-5(e) is unconstitutional as applied to him. As the Indiana Supreme Court has stated:

> A challenge to the constitutionality of a statute is a pure question of law, which we review *de novo*. All statutes are presumptively constitutional, and the court must resolve all reasonable doubts concerning a statute in favor of constitutionality. That being said, unlike the higher burden faced by those making a facial constitutional challenge, those challenge the statute as applied need only show the statute is unconstitutional on the facts of a particular case.

*State v. Thakar*, 82 N.E.3d 257, 259 (Ind. 2017) (cleaned up).

[12] Indiana Code Section 3-8-1-5(d)(3)(C) provides, in pertinent part, that a person is disqualified from assuming or being a candidate for an elected office if, in a guilty plea hearing, the person pleads guilty to a felony. Further, Indiana Code Section 3-8-1-5(e)(3) provides that the subsequent reduction of a felony to a Class A misdemeanor after the person has pleaded guilty to a felony does not affect the operation of subsection (d).

[13] On appeal, Hampton contends that Indiana Code Section 3-8-5-1(e)(3) violates Article 1, Section 23 of the Indiana Constitution, which states that the "General

Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Specifically, Hampton asserts that, "[o]nce a person's D felony conviction is reduced to an A misdemeanor, that person is no different than [a] person who had a conviction on [his] record for any Class A misdemeanor." Appellant's Br. at 13. Accordingly, he asserts that Indiana Code Section 3-8-5-1(e)(3) "treats the two differently without any distinguishable differences." *Id.*

[14] However, it is well settled that the "failure to challenge the constitutionality of a statute at trial results in waiver of review on appeal[.]" *Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013). And, here, Hampton did not challenge the constitutionality of the statute under Article 1, Section 23 of the Indiana Constitution before the trial court.[1] By not raising this issue before the trial court, the fact finder was denied an opportunity to receive and consider evidence in support of this challenge. As such, we conclude that this issue is not properly before us, and he has waived this issue for our review.

[15] In sum, the evidence supports the trial court's finding that Barber has a special interest in the city council seat, and that finding supports the court's conclusion that Barber had standing to file the complaint against Hampton. And Hampton

---

[1] During the hearing on Barber's complaint, Hampton briefly and without further comment stated that he "believe[d]" that the statute violated the Fourteenth Amendment to the United States Constitution. Tr. at 14. To the extent that that one statement could be construed as a challenge to the constitutionality of the statute under the federal constitution, an appellant cannot argue one legal theory before the trial court and present a different theory on appeal. *See Phillips v. State*, 22 N.E.3d 749, 762 (Ind. Ct. App. 2014).

has waived for our review the issue of whether Indiana Code Section 3-8-1-5(e)(3) violates Article 1, Section 23 of the Indiana Constitution as applied to him. We therefore affirm the trial court's order.

[16] Affirmed.

Bradford, C.J., and Mathias, J., concur.